**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5383-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

TROY J. HENDERSON, a/k/a
TROY ANDERSON,

    Defendant-Appellant.

_____

Submitted September 12, 2017 — Decided October 2, 2017

Before Judges Hoffman and Gilson.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-09-0786.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson D. Harkov, Designated Counsel, on the brief).

Thomas K. Isenhour, Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After a jury found defendant guilty of second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b), the trial judge

sentenced defendant to a nine-year prison term, with five years of parole ineligibility. On this direct appeal, defendant presents two arguments:

POINT ONE

THE TRIAL COURT ERRED WHEN IT PERMITTED THE STATE TO INTRODUCE TESTIMONY THAT ALLOWED THE JURY TO INFER THERE WERE HEARSAY DETAILS PROVIDED TO THE POLICE THAT DEFENDANT POSSESSED A HANDGUN, WHICH FORMED THE BASIS FOR THE SEARCH WARRANT THE POLICE WERE EXECUTING WHEN THEY DISCOVERED A GUN IN DEFENDANT'S ROOM. (NOT RAISED BELOW)

POINT TWO

DEFENDANT'S SENTENCE WAS EXCESSIVE AND CONSTITUTED AN ABUSE OF DISCRETION, REQUIRING HIS SENTENCE BE VACATED AND THE CASE REMANDED TO THE TRIAL COURT FOR A NEW SENTENCE HEARING.

We reject these arguments and affirm.

I.

We derive the following facts from the trial record. On May 4, 2013, a Family Part judge issued a temporary restraining order (TRO) against defendant, pursuant to the Prevention of Domestic Violence Act,[1] after hearing testimony from defendant's former girlfriend that he assaulted her. The judge also issued a domestic violence search warrant for a handgun the victim testified defendant possessed. When the police executed the warrant, they

---

[1] N.J.S.A. 2C:25-17 to -35.

located and seized a handgun from a room defendant rented. A grand jury indicted defendant on one count of second-degree possession of a handgun by certain persons prohibited from possessing weapons, based upon defendant "having been previously convicted of [a]ggravated [a]ssault." Defendant moved to suppress the handgun. Following a hearing, the trial court denied the motion.

At trial, the State presented the detective who seized the handgun. During his testimony, he explained he went to the home where defendant resided, pursuant to a search warrant. At this point, the trial court instructed the jurors they cannot

> presume the guilt of the defendant because a search warrant was issued. . . . Evidence that a search warrant has been . . . issued is allowed only to establish that the police acted properly in searching the area and the jury can use that evidence only for that purpose.

Defendant did not object to the instruction. In addition, the prosecutor did not mention the search warrant in his opening statement or closing argument.

In his final charge, the trial judge again instructed the jury that it could not presume defendant's guilt based on the issuance of a search warrant. Again, defendant did not object to the instruction.

II.

In his first argument, defendant contends that the trial court erred in permitting the detective to testify that the police had a search warrant and that the detective had been advised to look for a handgun. As noted, defendant failed to object to this testimony and also failed to object to the court's instructions concerning this testimony.

Because defendant failed to raise the issue in the trial court, "defendant must demonstrate plain error to prevail." State v. Timmendequas, 161 N.J. 515, 576 (1999), cert. denied, 534 U.S. 858, 122 S. Ct. 136, 151 L. Ed. 2d 89 (2001). This requires us to disregard "[a]ny error or omission . . . unless it is of such a nature as to have been clearly capable of producing an unjust result[.]" R. 2:10-2; State v. Ross, 218 N.J. 130, 142-43 (2014). The possibility of an unjust result must be "sufficient to raise a reasonable doubt as to whether the error led the jury to a result it otherwise might not have reached." State v. Macon, 57 N.J. 325, 336 (1971).

Our Supreme Court recently confirmed the admissibility of testimony regarding the issuance of a search warrant. State v. Cain, 224 N.J. 410, 433 (2016).

> To be sure, the prosecutor has the right
> to convey to the jury that the police were
> authorized to search a home. Every juror

4

> surely knows that the police typically cannot search a home without a warrant. The jury should not be left guessing whether the police acted arbitrarily by entering a home without a search warrant.
>
> [_Ibid._]

However, the Court acknowledged "[i]t would be wrong for the jury to infer guilt from a judge's issuance of a warrant." _Id._ at 434-35. The Court then held:

> A search warrant can be referenced to show that the police had lawful authority in carrying out a search to dispel any preconceived notion that the police acted arbitrarily. A prosecutor, however, may not repeatedly mention that a search warrant was issued by a judge if doing so creates the likelihood that a jury may draw an impermissible inference of guilt.
>
> [_Id._ at 435.]

Here, the detective testified that he acted pursuant to a warrant, searching for a handgun. The prosecutor made no reference to the search warrant in his opening statement or closing argument. The trial court gave appropriate limiting instructions to the jury concerning the issuance of a search warrant. Nevertheless, defendant now argues that the detective's testimony was "irrelevant and prejudicial." Specifically, defendant contends the detective's testimony suggested there was a witness who had testified that defendant possessed the handgun. Thus, defendant contends that such testimony violated the Confrontation Clause of

the Sixth Amendment. The record does not support this argument. The officer did not testify someone told him defendant had a handgun. Instead, the detective testified he made a search pursuant to a warrant, after receiving instruction to look for a handgun. Applying the Court's holding in Cain, we see no error in permitting such testimony. Moreover, the court's limiting instructions cured any potential prejudice.

In his second argument, defendant contends he received an excessive sentence. We disagree. The trial judge found aggravating factors six, N.J.S.A. 2C:44-1(a)(6) ("[t]he extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted") and nine, N.J.S.A. 2C:44-1(a)(9) (need for deterrence). He found no mitigating factors. Defendant had eight adjudications as a juvenile and four prior indictable convictions — including two convictions for aggravated assault — along with six disorderly persons convictions. The record supports the trial court's finding of aggravating factors six and nine; the record further supports the court's finding that no mitigating factors apply.

We are required to affirm a sentence as long as it "properly identifies and balances aggravating and mitigating factors" supported by credible evidence and does not shock the judicial conscience. State v. O'Donnell, 117 N.J. 210, 215-16 (1989).

A-5383-14T4

Additionally, under N.J.S.A. 2C:39-7(b), the five-year period of parole ineligibility was mandatory.

We conclude the judge made findings of fact concerning aggravating factors and the absence of mitigating factors based on competent and reasonably credible evidence in the record. The judge also properly balanced the aggravating factors against the nonexistent mitigating factors, and the application of the factors to the law do not constitute such clear error of judgment as to shock our judicial conscience. O'Donnell, supra, 117 N.J. at 215-16. Accordingly, we discern no basis to second-guess the sentence.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5383-14T4